# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 95-50556
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RITO A. SANCHEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(P-95-CR-06)

---

June 27, 1996

Before POLITZ, Chief Judge, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Rito A. Sanchez appeals his jury convictions for importing and possessing with the

intent to distribute marihuana.[1]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] 21 U.S.C. §§ 841(a)(1), 952(a), 960(a)(1).

On Sunday, December 14, 1994, Sanchez, arriving from Mexico, drove a red and white Ford Bronco into the port of entry at Presidio, Texas. He was accompanied by Christine Nichols, an unrelated acquaintance. Sanchez, a resident alien, was directed to a secondary inspection station where a sniffer dog alerted at the rear of the vehicle. Inspectors searched further and found over 90 pounds of marihuana wrapped in heat-sealed plastic and concealed in the gas tank.

At Sanchez's trial Nichols testified that the night before Sanchez had gone outside and someone had then taken the truck which was returned the next morning. Nichols further testified that Sanchez had asked her to drive the truck into the port of entry, had asked her to tell the inspectors that they were married, and had said to her "they found it" when the canine alerted at the back of the Bronco. Nichols and two customs inspectors testified that Sanchez appeared both nervous and eager to please the inspectors. Finally, after his arrest Sanchez initially stated that the truck had been returned to him on Saturday night but changed the time to Sunday morning after being confronted with Nichols' contrary statement.

To sustain the conviction for importation the government must prove that the defendant knowingly played a role in transporting the marihuana from a foreign country into the United States.[2] To convict Sanchez of possession with intent to distribute the government had to prove that he knowingly possessed marihuana with the intent to distribute it.[3] We

---

[2]**United States v. Lopez**, 74 F.3d 575 (5th Cir.), cert. denied, 1996 WL 226783 (1996).

[3]**Id.**

2

review the evidence presented in the light most favorable to the verdict to determine whether a rational juror could have found the defendant guilty beyond a reasonable doubt of the charged offenses.[4]

Sanchez claims that the government presented insufficient evidence that he knew the marihuana was concealed in the truck.[5] We are not persuaded. The testimony of Nichols and the customs inspectors, in context of the entire uncontested scenario, adequately demonstrate Sanchez's guilty knowledge.[6] The evidence was sufficient.

AFFIRMED.

---

[4]**United States v. Carrillo-Morales**, 27 F.3d 1054 (5th Cir. 1994), cert. denied, 115 S.Ct. 1163 (1995).

[5]See **United States v. Anchondo-Sandoval**, 910 F.2d 1234, 1236 (5th Cir. 1990) (in hidden compartment cases "[p]ossession of or control over a vehicle does not, standing alone, suffice to prove guilty knowledge").

[6]**Id.**