## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-41210
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

OTIS FRED COOPER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-116-1
- - - - - - - - - -

June 18, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Otis Fred Cooper was convicted of one count of knowingly possessing marijuana with the intent to distribute.  On appeal, he argues that the evidence was insufficient to uphold his conviction and that his trial attorney rendered ineffective assistance by improperly conceding an inculpatory factual issue.

     We hold that the evidence was sufficient to permit a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt.  See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc).  Cooper contends that because he

---

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testified to an innocent version of the facts, there was equal evidence of innocence and guilt that should require reversal. A jury is free to choose among reasonable constructions of the evidence. United States v. Pruneda-Gonzalez, 953 F.2d 190, 196 n.9 (5th Cir. 1992). Accordingly, "[u]nless a witness's testimony is incredible or patently unbelievable, we must accept the jury's credibility determinations." United States v. Lopez, 74 F.3d 575, 578 (5th Cir. 1996). The testimony of the government agents and Celadon employees was not patently unbelievable, and the jury was permitted to accept this story and wholly discount that told by Cooper.

Generally this court declines to review Sixth Amendment claims of ineffective assistance of counsel on direct appeal. United States v. Rivas, 157 F.3d 364, 369 (5th Cir. 1998); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). This court has "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed [the court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). The issues that are raised by Cooper, however, appear to be of a type that can be reviewed on direct appeal.

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). A failure to establish either deficient performance or

prejudice defeats the claim. <u>Strickland</u>, 466 U.S. at 697. In light of the significant evidence linking Cooper to the truck involved in the suspicious activity on the Edinburg property, Cooper has not established prejudice arising from his attorney's failure to object to the wording of a question asked by the Government and from his attorney's own wording of a question. For the forgoing reasons, Cooper's conviction is AFFIRMED.