**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-41594**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SILBERT BOYD,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-98-CR-244-2)**
_____

**January 3, 2000**

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Silbert Boyd appeals his jury conviction for aiding, abetting, and assisting in the possession with intent to distribute over 500 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. Boyd asserts that the evidence was insufficient to establish that he had knowledge that marijuana was hidden with the produce in the trailer of the truck in which he was a passenger.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Boyd moved for a judgment of acquittal at the close of the Government's evidence, and renewed his motion at the close of all the evidence.

The standard of review for a challenge to the denial of a motion for judgment of acquittal is the same strict standard as that for a challenge to the sufficiency of the evidence: "whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt". *United States v. Greer*, 137 F.3d 247, 249 (5th Cir. 1998) (citing *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (en banc)); *see United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).

Based on the evidence, a rational juror could have found Boyd had knowledge that the trailer contained marijuana. In particular, his statements to Border Patrol agents concerning how he and Kevin Clayton obtained the load of carrots and the bill of lading are implausible and inconsistent with the other evidence presented by the Government. Boyd stated that a black man named "Winston" approached them at the Silver Spur Truck Stop and hired them to transport a load of carrots from McAllen, Texas, to Hunts Point Market in the Bronx, New York. However, the general manager of that truck stop testified that there were no black brokers or any brokers named "Winston" working there. Boyd stated that he had to get a bill of lading for the carrots from Winston because the receptionist at the produce company in McAllen refused to give them one. When first stopped by the Agents, Clayton produced a generic

bill of lading which differed from the bill of lading allegedly provided by Winston.  Both of the documents alerted the Agents: they found the generic bill unusual because it contained no address, and the other was a "cash sale", a procedure normally used by narcotics or alien smugglers.  Boyd volunteered *no* explanation to the Agents for the two different bills of lading.

Additionally, the Agents found a typewriter, carbon paper, and a blank pad of generic bill of lading forms in the sleeper compartment of the truck in which Boyd was sleeping when the truck was stopped.  Agents also found,  in a small black bag which belonged to Boyd, a receipt for the typewriter from Office Max dated July 3, 1998, the date that Clayton and Boyd picked up the load of carrots.  Boyd also had possession of $1199 in cash when arrested.

Boyd maintains also that the district court erred in instructing the jury on the hidden drugs.  Because he did *not* raise this issue in district court, review is limited to plain error. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995) (citing *United States v. Olano*, 507 U.S. 725, 730-36 (1993)).  Even assuming the requisite clear error that affected substantial rights, whether to correct the forfeited error is within the sound discretion of the court; and the reviewing court will *not* exercise that discretion unless the error "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Olano*, 507 U.S. at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

Boyd has *not* made such a showing.

**AFFIRMED**