**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 99-40647**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OUTHER LEE WRIGHT,**

**Defendant-Appellant.**
_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-98-CR-326-1)**
_____

March 1, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Outher Lee Wright, convicted for possession with intent to distribute approximately 543 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and sentenced to, *inter alia,* 79 months imprisonment, contends that the evidence is insufficient to support his conviction; and that the Government withheld exculpatory evidence, in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). The marijuana was found in the trailer of Wright's truck during a routine inspection at the Falfurrias Border Patrol checkpoint.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A conviction for the offense of possession of marijuana with intent to distribute requires proof that the defendant (1) knowingly (2) possessed marijuana (3) with intent to distribute it." *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir.), *cert. denied*, 517 U.S. 1228 (1996). "*[K]nowledge* of the presence of the contraband may ordinarily be inferred from the exercise of control over the vehicle in which it is concealed." *United States v. Richardson*, 848 F.2d 509, 513 (5th Cir. 1988) (emphasis in original). When drugs are hidden in a vehicle, such knowledge can be inferred only "if there exists other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *United States v. Garza*, 990 F.2d 171, 174 (5th Cir.)(*quoting United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1236 (5th Cir. 1990)), *cert. denied,* 510 U.S. 926 (1993). Wright was the driver of the truck. Coupled with his numerous inconsistent statements at the time of the offense and at trial, the inference of knowledge is supported. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 & n.16 (5th Cir. 1998).

Accepting the jury's credibility determinations, as we must, the evidence established guilt beyond a reasonable doubt. *United States v. Martinez*, 975 F.2d 159, 160-61 (5th Cir. 1992), *cert. denied*, 507 U.S. 943 (1993).

Wright claims that, in violation of *Brady*, it was *not* disclosed that two adverse witnesses had a business relationship. This was fully disclosed to the jury at trial. Wright's defense was that he did no more than drive the truck and that someone else

loaded the marijuana into it.  Wright has *not* stated how his defense was prejudiced because this association was *not* disclosed earlier.  **United States v. Green**, 46 F.3d 461, 464 (5th Cir.), *cert. denied*, 515 U.S. 1167 (1995).

**AFFIRMED**