IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50559
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOYLAN BARSHUN WRIGHT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-85-1
--------------------
June 15, 2001

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Toylan Barshun Wright appeals his conviction of conspiracy to possess with the intent to distribute more than 50 grams of cocaine base, and of aiding and abetting the possession with the intent to distribute more than 50 grams of cocaine base. Wright contends that the evidence was not sufficient to support his convictions.

Because Wright moved for a judgment of acquittal at the close of the Government's case and reurged the motion at the conclusion of all the evidence, we will affirm if "a rational

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).

The Government was required to prove three elements in order to obtain the conviction for conspiracy to possess with intent to distribute:  1) the existence of an agreement between two or more persons to violate federal narcotics laws; 2) the defendant's knowledge of the agreement; and 3) the defendant's voluntary participation in the agreement.  *United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996).  Circumstantial evidence is sufficient to prove the existence of a conspiracy, the elements of which "may be inferred from the development and collocation of circumstances."  *Id.* (internal citations and quotation marks omitted).  The jury may consider factors such as "concert of action" and presence among, or association with, drug coconspirators, *United States v. Bermea*, 30 F.3d 1539, 1551 (5th Cir. 1994) (internal quotation marks and citations omitted), although mere presence and association alone are not sufficient to support a conspiracy conviction.  *See United States v. Brito*, 136 F.3d 397, 409 (5th Cir. 1998).  An explicit agreement need not be proven; the agreement may be tacit.  *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997).

Wright was the driver of a vehicle containing a distributable quantity of cocaine base and related drug paraphernalia.  When the vehicle was stopped for a minor traffic offense, Wright failed to pull over immediately; once stopped, Wright immediately exited the vehicle, exhibited nervousness, and

engaged the police officer while a co-conspirator discarded the illegal drugs beside the vehicle. After his arrest on an outstanding warrant, Wright displayed an active interest in the ongoing police investigation, which eventually discovered the discarded cocaine base. A small quantity of cocaine base was found in the backseat of the police vehicle where Wright had been seated, and a field test of Wright's clothing returned a positive result for cocaine. Considering the evidence and all reasonable inferences drawn therefrom in the light most favorable to the prosecution, a rational trier of fact could have found that the Government established the essential elements of the offense beyond a reasonable doubt. *See Lopez*, 74 F.3d at 577.

Wright challenges his conviction for aiding and abetting on the grounds that the evidence was insufficient to establish that he possessed more than 50 grams of cocaine base or possessed more than is consistent with personal use. "The essential elements of an aiding and abetting claim are (1) association with a criminal drug venture, (2) participation in the venture, and (3) action by the defendant that, in some way, tries to make the venture succeed." *United States v. Drones*, 218 F.3d 496, 505 (5th Cir. 2000) (citation omitted). Possession is not an essential element of the offense. "A defendant may be convicted of aiding and abetting the offense of possession with intent to distribute a controlled substance even if he did not have actual or constructive possession of the substance." *United States v. Gonzales*, 121 F.3d 928, 936 (5th Cir. 1997). Evidence supporting

a conspiracy conviction is generally sufficient to support an aiding and abetting conviction. *See id.*

Considering the evidence adduced at trial, a rational jury could have found that Wright – who drove a vehicle which contained at least one co-conspirator, a distributable quantity of "crack" cocaine, and related drug paraphernalia; who failed immediately to bring the vehicle to a halt when stopped by a police cruiser for a traffic violation; who, upon exiting the vehicle, exhibited nervousness and engaged the police officer while occupants of the vehicle disposed of contraband; and whose clothing tested positive for cocaine – was associated with, participated in, and took actions to help a "crack" cocaine distribution venture succeed.

AFFIRMED.