IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50113
_____


UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus


ANTONIO LOPEZ,

Defendant-Appellant


- - - - - - - - - - - - - - - - - - -

Appeal from the United States District Court
for the Western District of Texas
- - - - - - - - - - - - - - - - - - -
January 23, 1996

Before: JOLLY, DUHÉ and DENNIS, Circuit Judges.

DENNIS, Circuit Judge.

Following a jury trial, appellant, Antonio Lopez, was found guilty of importing marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841. Lopez appeals his conviction and sentence solely on the ground that there was constitutionally insufficient evidence to sustain the jury's verdict. Because we find that appellant's convictions are adequately supported by the record, we affirm.

FACTS

On the night of April 18, 1994, at approximately 10:45 p.m., appellant drove a blue Ford sedan with Texas license plates to the Ysleta Port of Entry in order to cross from the Mexican side of the

border into Texas.  Traffic was light at this time and only Lanes 3 and 4 were open.  U.S. Customs Service Inspector, Rosalva Morales, testified that she noticed the car because it initially approached Lane 3, where the inspector was opening trunks, but abruptly switched into Lane 4, where she was working as primary inspector.  Morales approached the car and began asking routine questions regarding Lopez's citizenship and any items he was bringing into the country.  Lopez was not carrying a drivers license or any identification and Morales's attention was drawn to him because he appeared to be wearing women's cosmetics.  She asked him to exit the car, and open the hood and trunk.  Morales testified that she did not smell anything unusual as she stood a foot from the car's open driver's side window.

Senior U.S. Customs Service Inspector Angel Hernandez accompanied Lopez to the back of the vehicle while he opened the trunk.  Hernandez testified that Lopez's hand trembled as he tried to find the right key, but that he managed to open the trunk.  When Hernandez looked into the trunk area, he observed what appeared to be a false compartment in the back of the seat.  He asked U.S. Customs Service Inspector Luis Mata to take a look at the compartment, and then escorted appellant to the Customs headhouse. Hernandez testified that he did not smell marijuana when the trunk was opened.

Inspector Mata drove the car from Lane 4 to the secondary area, where he prepared the vehicle for a canine sniff by closing the window and running the air conditioner to send air from the

2

front of the car out the back. Canine Officer, Lisa Holley, then walked her dog, Bark, around the vehicle. After Bark alerted on the rear of the car, Mata pulled the back seat open and found twelve packages wrapped in plastic. The substance contained in the packages subsequently tested positive for marijuana. Mata testified that when he drove the car from the primary to the secondary inspection area, he smelled a strong odor of marijuana. Mata, however, failed to include this information when he typed his report. He testified that at the prompting of Officer Holley, he added the information by hand to the report.

Lopez took the stand in his own defense and testified that he was not aware that there was marijuana hidden in the car, that he did not smell marijuana in the car, and that he would not have driven the car had he known there was marijuana in it. According to Lopez, he had gone to Guadalupe, Mexico with a man named Roger, and had spent the day drinking with Roger and two other men, Francisco and Edward. When arrested, he was driving a car that he believed belonged to Edward, who was too drunk to drive back to the United States.[1] Lopez testified that Roger was driving Edward in another car and that the two were to pick up the car at Lopez's

---

[1] The government does not contend that the car was appellant's. Jimmy Searls, a special agent with the U.S. Customs Service, testified that an investigation of the car's license plates revealed that the vehicle was registered to a Jose Maria and Victoriano Hernandez. The occupant at the address listed on the registration, however, did not know either of the listed owners or how the car could be registered at her address.

apartment in San Elizario, Texas. Following his arrest, Lopez did not see any of these men again.

The jury clearly rejected Lopez's version of events, finding him guilty on all charges -- one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960, and one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841. On appeal, Lopez's sole argument is that the government presented insufficient evidence to establish beyond a reasonable doubt that he knew that marijuana was hidden in the car, an element necessary to prove both the importation and the possession charges.

## DISCUSSION

The narrow scope of our review for sufficiency of the evidence following a conviction is well established. We must affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 1789, 61 L.Ed.2d 560 (1979); *United States v. Salazar*, 66 F.3d 723, 728 (5th Cir. 1995). We thus consider the evidence, all reasonable inferences drawn therefrom, and all credibility determinations in the light most favorable to the prosecution. *Glasser v. United States*, 315 U.S. 60, 80, 62 S. Ct. 457, 469 (86 L.Ed. 680 (1942); *Salazar*, 66 F.3d at 728; *United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995); *United States v. Casel*, 995 F.2d 1299, 1303 (5th Cir.), *cert. denied* ___ U.S. ___, 114 S.Ct. 472, 126 L.Ed.2d 424 (1993). Our role does not extend to

4

weighing the evidence or assessing the credibility of witnesses. *Glasser*, 315 U.S. at 80, 62 S. Ct. at 469; *Casel*, 995 F.3d at 1303. The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence. *Salazar*, 66 F.3d at 728; *Resio-Trejo*, 45 F.3d at 911 (quoting *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), *aff'd on other grounds*, 462 U.S. 356, 103 S. Ct. 2398, 76 L.Ed.2d 638 (1983)). If the evidence, however, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, we must reverse the conviction, as under these circumstances "a reasonable jury *must necessarily entertain* a reasonable doubt." *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992)(quoting *Clark v. Procunier*, 755 F.2d 394, 396 (5th Cir. 1985)(emphasis in original)*, cert. denied ___, U.S. ___,* 113 S. Ct. 330, 121 L.Ed.2d 3156 (1992).

A conviction for the offense of possession of marijuana with intent to distribute requires proof that the defendant (1) knowingly (2) possessed marijuana (3) with intent to distribute it. *United States v. Diaz-Carreon*, 915 F.2d 951, 953 (5th Cir. 1990). In order to prove the crime of importation of marijuana, the Government must establish that the defendant knowingly played a role in bringing the marijuana into the country. *Id.* To establish either crime, the Government must adduce sufficient evidence of "guilty knowledge." *Id.* Lopez argues that the Government failed to do so here.

5

The knowledge element for possession or importation of drugs can rarely be proven by direct evidence. *See United States v. Garza*, 990 F.2d 171, 174 (5th Cir.), *cert. denied*, ___ U.S. ___, 114 S. Ct. 332, 126 L.Ed.2d 278 (1993). Although knowledge may sometimes be inferred solely from control of a vehicle containing drugs, when the contraband is hidden the Government must produce additional indicia that the defendant was aware of the presence of drugs. *Id.*

Lopez argues that the circumstances of this case, in particular his change of lanes prior to inspection, his nervousness when asked to open the trunk, and the odor of marijuana in the car, individually and collectively do not show a consciousness of guilt sufficient to support an inference of knowing possession. We cannot agree. Although it appears that the bulk of evidence adduced at trial is at least as consistent with innocence as it is with guilt, we find that Inspector Mata's testimony that he smelled a strong odor of marijuana in the vehicle must tip the scales in favor of providing a basis for affirming the verdict.

Lopez mischaracterizes Mata's testimony as establishing that Mata could only smell marijuana once he had entered the car and turned on the air conditioner. A review of the trial transcript reveals, however, that Mata testified that he smelled marijuana while he drove, with the driver's side window down, the approximately 45 feet from the primary to the secondary inspection area. We note that Mata's testimony is hardly unassailable, as he omitted recording this critical fact when he typed up his statement

of the investigation and none of the other Customs Service officers testified to smelling marijuana in the passenger compartment of the vehicle. Nonetheless, on a review for sufficiency of the evidence we may not invade the jury's province by substituting our own credibility assessments for those of the jury. Unless a witness's testimony is incredible or patently unbelievable, we must accept the jury's credibility determinations. *See United States v. Casel*, 995 F.2d at 1304 ("The test for 'incredibility' of a witness is an extremely stringent one, because an appellate court does not weigh the credibility of witnesses. To be found 'incredible' as a matter of law, the witness' testimony must be factually impossible") (citing *United States v. Lindell*, 881 F.2d 1313, 1322 (5th Cir. 1989), *cert. denied*, 496 U.S. 926, 110 S. Ct. 2621, 110 L.Ed.2d 642 (1990) and *United States v. Silva*, 748 F.2d 262, 266 (5th Cir. 1984)); *United States v. Greenwood*, 974 F.2d 1449, 1458 (5th Cir. 1992)("Because we cannot say that Stone's testimony is facially insubstantial or incredible, we find the evidence supporting Estrada's conspiracy convictions was constitutionally sufficient."), *cert. denied*, ___ U.S. ___, 113 S. Ct. 2354, 124 L.Ed.2d 262 (1993). Although Mata's testimony that he smelled marijuana in the car was subject to question, we cannot say that a reasonable jury could not credit this testimony. Inasmuch as a jury could rationally infer beyond a reasonable doubt that Lopez had knowledge of the hidden marijuana because its odor was present in the passenger compartment of the car he was driving, *see United States v. Gomez*, 776 F.2d 542 (5th Cir. 1985), we must find that

7

the Government presented sufficient evidence to prove Lopez's guilt beyond a reasonable doubt on the possession and importation charges.

## CONCLUSION

Because the evidence was sufficient to convict Lopez for importation of marijuana and possession of marijuana with intent to distribute, we AFFIRM his conviction and sentence.