IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40032

Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

SHAWN ANTHONY SEVERA

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. L-95-115

_____

October 8, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Shawn Anthony Severa appeals his conviction and sentence for possessing marijuana with intent to distribute it, 21 U.S.C. § 841(a)(1).  Contrary to his contention, the evidence was amply sufficient for a jury to convict.  *United States v. Lopez*, 74 F.3d 575 (5th Cir.), *cert. denied*, 116 S.Ct. 1867 (1996).  Among other things, the defendant was caught with $1.7 million worth of marijuana secreted in his truck, and demonstrated no surprise when

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

it was found. *United States v. Del Aguila-Reyes*, 722 F.2d 155, 157 (5th Cir. 1983). When arrested, he was carrying a semi-automatic pistol and almost $2,000 in cash. *United States v. Romero-Reyna*, 867 F.2d 834, 836 (5th Cir. 1989). Severa said that he inspected the trailer and did not smell anything even though four agents testified that the odor coming from the trailer was very strong. Severa had in his cab tools that would quickly and easily dismantle the compartment behind which the drugs were hidden. The jury heard testimony about false license plates and bills of sale for different trailers that were also in the truck. Severa gave a false account to border agents about his involvement with the trailer, an account that clashed with evidence the jury heard at trial. The jury was free to disbelieve Severa. A rational jury had sufficient evidence to convict Severa. *United States v. Diaz-Carreon*, 915 F.2d 951 (5th Cir. 1990); *United States v. Anchondo-Sandoval*, 910 F.2d 1234 (5th Cir. 1990).

We also find no plain error in (1) what Severa alleged to be constructive amendment of the indictment; (2) Severa's not being sentenced for simple possession of marijuana;(3) the district court's curtailment of his cross-examination of two witnesses; (4) what Severa alleged to be prosecutorial misconduct; and (5) the modified *Allen* charge given to the jury. *See United States v. Calverly*, 37 F.3d 160, 162 (5th Cir. 1994) (*en banc*), *cert. denied*,

115 S.Ct. 1266 (1995). We comment briefly about appellant's contentions of constructive amendment and the *Allen* charge.

The record shows that both the prosecutor and the defense counsel correctly informed the jury that the Government had to prove beyond a reasonable doubt that Severa possessed the drugs with intent to distribute. The court expounded forcefully on the knowledge element. In open court, the judge asked the foreman of the jury about the handwritten portion of the jury forms, and then polled the jury. The jury members confirmed that they voted to convict Severa on the count in charge two. The court asked the jurors whether they all understood the elements of count two, and they nodded in agreement. With no objections, the court released the jury. There was no constructive amendment of the indictment. *United States v. Holley*, 23 F.3d 902, 912 (5th Cir.), *cert. denied* 115 S.Ct. 635 (1994), 115 S.Ct. 737 (1995).

There was no plain error in the *Allen* charge given to the jury. A court may give a charge to a jury to iron out their differences and reach a verdict, sometimes called an "*Allen* charge" after *Allen v. United States*, 164 U.S. 492 (1896). We review *Allen* charges to make sure (1) the semantic deviation from approved *Allen* charges is not so prejudicial as to require reversal, and (2) the circumstances surrounding the giving of an approved *Allen* charge are not coercive. *United States v. Heath*, 970 F.2d 1397, 1406 (5th Cir. 1992), *cert. denied*, 507 U.S. 1004 (1993). The entire

3

instruction given by Judge Kazen was substantially the same as the Fifth Circuit District Judges Association Pattern Jury Instructions (Criminal Cases) (1990), approved in *United States v. Pace*, 10 F.3d 1106, 1122 n. 15 (5th Cir. 1993), cert. denied, 114 S.Ct. 2180 (1994). The charge given to Severa's jury was even less coercive than the pattern instruction because the court emphasized (1) the jurors' not surrendering their positions, and (2) the fact that the court would not detain them if they found they were unable to agree. *See United States v. Kimmel*, 777 F.2d 290, 295 (5th Cir. 1985), cert. denied, 476 U.S. 1104 (1986).

Judgment AFFIRMED.