# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-50090
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ARMANDO RAMIREZ-RODRIGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CR-531-1

September 9, 1997

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Armando Ramirez-Rodriguez appeals convictions for importing cocaine

into the United States and for possession with intent to distribute same, asserting

that there was insufficient evidence to support his convictions absent proof that he

knew of the cocaine hidden in the luggage compartment of the airplane he piloted

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from Mexico to El Paso, Texas. The defendant's knowledge of the presence of the cocaine may not be inferred merely from his control over the airplane because the cocaine was not clearly visible or readily accessible.[1] In the matter at bar, however, there was other evidence of guilt including testimony that Ramirez appeared nervous during the search of the aircraft together with certain relevant statements in his testimony that were inconsistent with the testimony of other witnesses. The evidence of record is sufficient for a rational trier of fact to have found beyond a reasonable doubt that Ramirez had knowledge of the cocaine, an essential element of the offenses.[2]

Ramirez also contends that the district court erred by failing to define the term "knowingly" in its jury instructions. As Ramirez did not object to the jury charge, we review same only for plain error.[3] We have noted that "'knowingly' and 'intent' are used in their common meaning in the conspiracy and possession statutes and, therefore, do not require further instructions." We perceive no plain error in the court's instructions to the jury.

---

[1]**United States v. Pennington**, 20 F.3d 593 (5th Cir. 1994).

[2]See **United States v. Lopez**, 74 F.3d 575 (5th Cir.), cert. denied, 116 S.Ct. 1867 (1996).

[3]See **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc); **United States v. Sanchez-Sotelo**, 8 F.3d 202, 212 (5th Cir. 1992).

AFFIRMED.