IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50159
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAIME PRIETO-MOLINAR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 98-CR-447-2-H
--------------------

September 17, 1999

Before KING, Chief Judge, EMILIO M. GARZA, and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Jaime Prieto-Molinar appeals from his conviction by jury

verdict for one count each of conspiracy to possess and

possession with intent to distribute marijuana.  Prieto-Molinar

contends that the evidence was insufficient to support his

conviction.  Because Prieto-Molinar moved for a judgment of

acquittal at the close of the Government's evidence and did not

present any evidence, we view all of the evidence and reasonable

inferences drawn therefrom in the light most favorable to the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government and affirm the judgment only if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). The Government was required to prove three elements in order to sustain the conviction for conspiracy to possess with intent to distribute a controlled substance: (1) an agreement between two or more persons to violate the narcotics laws, (2) that each alleged conspirator knew of the conspiracy and intended to join it, and (3) that each alleged conspirator did participate voluntarily in the conspiracy. United States v. Inocencio, 40 F.3d 716, 725 (5th Cir. 1994). "The jury may infer any element of this offense from circumstantial evidence." United States v. Lechuga, 888 F.2d 1472, 1476 (5th Cir. 1989). Thus, "[k]nowledge may be inferred from surrounding circumstances." Lechuga, 888 F.2d at 1476-77 (citation and quotation marks omitted). A conviction for the offense of possession of marijuana with intent to distribute requires proof that the defendant (1) knowingly (2) possessed marijuana (3) with intent to distribute it. United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).

The Government adduced evidence at trial showing that a car loaded with 47 pounds of marijuana in a hidden compartment crossed into the United States via the Paso del Norte port of entry and was left at a restaurant in El Paso, Texas, for pick up. The evidence also showed that Prieto-Molinar retrieved the car from that point and subsequently provided U.S. Customs authorities with implausible and inconsistent information

concerning his connection to the loaded car.  A rational jury could infer from the evidence that Prieto-Molinar knowingly conspired to possess and possessed with intent to distribute the marijuana secreted in the car.

AFFIRMED.