IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10449
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO A. GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-190-1-L
--------------------

December 28, 1999

Before GARWOOD, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Ricardo A. Gonzalez appeals his jury conviction for possession with intent to distribute approximately 200 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Gonzalez argues that the district court erred in denying his motion to suppress the marijuana seized from his tractor-trailer. Gonzalez does not dispute the validity of the stop of his commercial tractor-trailer for inspection pursuant to Texas statute. Nor does he dispute that the dog-sniff of the tractor-trailer which caused the dog to alert, was probable cause to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

search. Further, Gonzalez voluntarily consented to a search of the trailer for narcotics and did not object to the search or to moving the tractor-trailer at any time. Gonzalez's only argument is that the moving of the tractor-trailer from the Interstate Highway where it was stopped to a warehouse at which it was searched, a distance of five miles, was unreasonable. It was not unreasonable for the officers to move the tractor-trailer from the Interstate to a warehouse approximately five miles away to conduct the search of the trailer as the watermelons had to be unloaded. See United States v. Johns, 469 U.S. 478, 484 (1985). The district court did not err in denying Gonzalez's motion to suppress the marijuana.

Gonzalez also argues that the evidence was insufficient to support his conviction. A rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. See United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). The Government admitted Gonzalez's logbook into evidence which had some unusual entries. Texas State Trooper John Forrest testified that the logbook showed that Gonzalez had taken an unusual amount of time off, including several days in Miami and then over two days in El Paso. The logbook stated that the load of watermelons was loaded onto the trailer in New Mexico at 10:30 a.m. on September 17, 1998. The logbook also showed that Gonzalez drove the load for only one and a half hours before stopping in Las Cruces, New Mexico, for three and a half hours. Forrest testified that it was unusual for Gonzalez to be driving on Interstate 20 because

the preferred route from Las Cruces, New Mexico, to New York would have been Interstate 40. When Forrest first stopped the tractor-trailer, he observed that Gonzalez had his head in his hands. Two witnesses from Waterloo Produce, James Keeler and Enrique Mata, testified that the watermelons had been stacked into the back of the trailer in rows like cord wood. However, Forrest testified that when he opened the trailer, he observed a pile of watermelons in the back part of the trailer and that many of the watermelons were broken. Keeler and Mata testified that the trailer was inspected before loadings and that no one from Waterloo could have loaded marijuana onto the trailer. Keeler also testified that Gonzalez told the loaders not to put any more watermelons on the trailer even though the trailer was more than 2000 pounds under the weight limits. When Forrest asked Gonzalez to look at the pile of broken watermelons, Gonzalez's reaction was unusual in that he was not upset at the way the watermelons had been loaded. The above evidence indicates that a rational trier of fact could have found that Gonzalez had knowledge that the trailer contained marijuana, and, therefore, the evidence was sufficient to support Gonzalez's conviction for possession of marijuana with intent to distribute.

AFFIRMED.