IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40273
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MARTHA PATRICIA RUTIAGA,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-508-1
- - - - - - - - - -
June 12, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martha Patricia Rutiaga appeals her convictions for importation of marijuana and possession with intent to distribute marijuana.  Rutiaga challenges only the knowledge element of both offenses, contending that the Government failed to prove that she knew that the marijuana was concealed in the truck that she was driving.

"[K]nowing possession can be inferred from the defendant's control over the vehicle in which the illicit substance is contained if there exists other circumstantial evidence that is

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspicious in nature or demonstrates guilty knowledge." United States v. Anchondo-Sandoval, 910 F.2d 1234, 1236 (5th Cir. 1990); see also United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996); United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990).

Rutiaga told the law enforcement agents four conflicting and somewhat implausible stories regarding the manner in which she came to own the truck she was driving. In addition, she was nervous when approached by the agents who inspected the truck, she failed to turn off her engine initially when asked to do so, and during the inspection, she suggested that maybe someone had put drugs in the truck overnight while she was at a hotel in Mexico. Considering, in the light most favorable to the verdict, the circumstantial evidence of guilty knowledge, a rational trier of fact could have found that Rutiaga knew of the marijuana concealed in the truck beyond a reasonable doubt. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982)(en banc), aff'd, 462 U.S. 356 (1983). The district court did not err in denying Rutiaga's motion for judgment of acquittal. See id.

Rutiaga also challenges, on the basis of Fed. R. Evid. 610, and the First Amendment, the district court's admission into evidence of a prayer card found in her purse. The card bore a prayer to Saint Norbert, asking him to "keep away the evil, because you are the owner of jails and prisons, close their doors to me so I will never go into them." Because Rutiaga did not testify, the Government did not violate Rule 610 by attempting to

use her religious beliefs or opinions to impeach her credibility. The prayer card was used to show knowledge and intent. It was therefore relevant, and it probative value outweighed any prejudicial effect. See Fed. R. Evid. 401, 402, 403. The district court did not abuse its discretion in admitting the prayer card at trial.

AFFIRMED.