IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41337
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL SAN MIGUEL CISNEROS; VALENTE CRUZ,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-206-2
--------------------
June 7, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gabriel San Miguel Cisneros and Valente Cruz appeal their convictions for conspiracy to possess with intent to distribute in excess of 1000 kilograms of marijuana and conspiracy to possess with intent to distribute in excess of five kilograms of cocaine. They argue that the evidence was insufficient to support their convictions. Because Cisneros moved for a judgment of acquittal at the close of the Government's case and renewed his motion at the close of all of the evidence, the standard of review for his claim is whether "a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." United States v. Lopez, 74 F.3d 575, 577 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1996). Cruz did not move for a judgment of acquittal at the close of the Government's case but did so move at the close of all of the evidence. When a defendant moves for a judgment of acquittal at the close of the Government's case but does not renew the motion at the close of all of the evidence, the reverse of what happened in Cruz's case, review of his claim is limited to whether his convictions resulted in a manifest miscarriage of justice. United States v. Thomas, 12 F.3d 1350, 1358 (5th Cir. 1994). A review of the evidence indicates that, under either standard of review, the evidence was sufficient to support the convictions of both Cisneros and Cruz. A rational trier of fact could have found that the evidence established Cisneros, Cruz, and others agreed to possess with intent to distribute marijuana and cocaine; both Cisneros and Cruz knew of the conspiracy and intended to join it; Cisneros voluntarily participated in the conspiracy by attending at least one meeting at which counter-surveillance plans were discussed, unloading and repackaging the marijuana for transportation, and assisting with counter-surveillance activities during the transportation of the tractor-trailer through the border patrol checkpoint at Laredo, Texas; and Cruz voluntarily participated in the conspiracy by conducting counter-surveillance activities during the transportation of the tractor-trailer through the border patrol checkpoint. See United States v. Alix, 86 F.3d 429, 436 (5th Cir. 1996); United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994).

AFFIRMED.