IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41221
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARIO ALBERTO VILLARREAL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-01-CR-22-ALL
--------------------
June 20, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Mario Alberto Villarreal appeals his conviction for
possession with intent to distribute more than 1,000 kilograms of
marijuana.  Villarreal challenges the sufficiency of the
evidence.  He asserts that the Government did not prove that he
had knowledge of the marijuana that was hidden by produce in the
trailer of the truck that he was driving from Texas to New York.

    Villarreal also asserts that we should review his
sufficiency challenge under the "rationality" standard of review

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rather than for "plain error." He contends that his not-guilty plea should serve as a motion for judgment of acquittal.

Villarreal concedes that he did not move for a judgment of acquittal at the close of the Government's case or at the close of the evidence. Circuit precedent thus requires that we restrict our review to whether Villarreal's conviction resulted in a "manifest miscarriage of justice." United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000). A manifest miscarriage of justice exists only if the record "is devoid of evidence pointing to guilt or if the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Id.

A conviction for possession with intent to distribute marijuana "requires proof that the defendant (1) knowingly (2) possessed marijuana (3) with intent to distribute it." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996) (citation omitted). Possession may be shown by direct or circumstantial evidence. United States v. Brown, 29 F.3d 953, 958 (5th Cir. 1994). The intent to distribute may be inferred from possession of a quantity of drugs that is too large for any purpose other than distribution. See United States v. Sanchez, 961 F.2d 1169, 1176 (5th Cir. 1992).

The parties stipulated that marijuana was discovered in the trailer that Villarreal was driving. It is not disputed that after the truck was loaded, Villarreal was the sole person in the truck, that he had sole control of the key that unlocked the

trailer doors, and that the trailer contained a net weight of 1,036 kilograms of marijuana.

In a case such as this one, knowledge cannot be inferred solely from the fact that the defendant had control over the vehicle.  See United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995) (citation omitted).  Additional circumstantial evidence was necessary to establish guilty knowledge.  See id. Such evidence may include implausible explanations and inconsistent or contradictory statements.  See id.

The truck was empty prior to the loading of the produce, the loading dock was too busy for anyone to conceal a large quantity of marijuana, and the loading took place in daylight under supervision.  The truck did not remain at the loading dock long enough for someone to place over 1,000 kilograms of marijuana on the truck.

Villarreal testified that he personally locked the trailer doors after the truck was loaded, he kept the key on his person, no one could have gotten the key while he was napping, and no one could have opened the trailer without the key.  Villarreal's account at trial of the twelve hours that passed from loading until the traffic stop conflicted with his account as provided by the Government's witness.  Villarreal provided no explanation for the time discrepancies.

The produce had been loaded evenly; yet, it was not even when Villarreal was stopped, and Villarreal offered no

explanation for the difference. Villarreal testified that he was personally responsible for the condition of the load; yet, he testified that he did not inspect it. Villarreal was driving a load of perishables, for which he was responsible, from Texas to New York, but he had no concern for the time that elapsed during his route.

The record is not devoid of evidence pointing to guilt, and the evidence on Villarreal's knowledge of the marijuana is not so tenuous that a conviction would be shocking. See Smith, 203 F.3d at 887. The district court's judgment is AFFIRMED.