IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50207
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE ESTEBAN LAZCANO-MONTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1217-ALL-DB
--------------------
August 30, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enrique Lazcano-Montes appeals his jury conviction of posses-
sion with intent to distribute marihuana and importation of mari-
huana in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and
960(a)(1). Lazcano argues that the evidence presented at trial was
insufficient to support the jury's finding that he knowingly pos-
sessed and imported the marihuana concealed in the floorboard and
rear quarter panel of the car he was driving. "The knowledge ele-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ment for possession or importation of drugs can rarely be proven by direct evidence." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). "Knowledge of the presence of contraband may ordinarily be inferred from the exercise of control over the vehicle in which it is concealed." United States v. Garcia, 917 F.2d 1370, 1376-77 (5th Cir. 1990). When the drugs are contained in a hidden compartment, however, this court requires "additional evidence indicating knowledgeSScircumstances evidencing a consciousness of guilt on the part of the defendant." United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990). Circumstances such as nervousness, conflicting statements to inspection officials, and an implausible story may adequately establish consciousness of guilt. Id.

Lazcano's inconsistent statements at the time of the offense, the obviousness of the hidden compartment, and his nervousness at the time of the customs inspection support the inference of guilt. Id. Viewing the totality of the circumstances, we conclude that there was sufficient evidence to support the jury's finding that Lazcano knowingly imported and possessed marihuana with the intent to distribute. Id.

AFFIRMED.