**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50115

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DANIEL ORTEGA,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(EP-01-CR-1043-ALL)

February 5, 2003

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM[*]:

Daniel Ortega appeals his jury-trial convictions for importation of and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841, 952 and 960. Ortega argues that the evidence presented at his trial was insufficient to support the jury's finding that he knowingly imported and possessed the marijuana concealed in the rear seat of the van he was driving

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

across the border from Juarez, Mexico into the United States.

In reviewing a challenge to the sufficiency of the evidence, this Court views the evidence in the light most favorable to the jury's verdict, and affirms if a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *United States v. Brito*, 136 F.3d 397, 408 (5th Cir. 1998). "The knowledge element for possession or importation of drugs can rarely be proven by direct evidence." *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996). When drugs are contained in a hidden compartment, this Court requires "additional evidence indicating knowledge – – circumstances evidencing a *consciousness of guilt* on the part of the defendant." *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990) (emphasis in original). Circumstances such as nervousness, conflicting statements to inspection officials and an implausible story may adequately establish consciousness of guilt. *Id.* at 954-55.

Having carefully reviewed the parties' briefs and the record in this case, we conclude that Ortega's inconsistent statements to Customs officials and his nervousness during an inspection of the area where the marijuana was discovered support a finding of a consciousness of guilt. We therefore conclude that there existed sufficient evidence to support the jury's finding that Ortega knowingly imported and possessed marijuana with the intent to distribute.

AFFIRMED.