IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40261
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO MALDONADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-360-1
--------------------
March 7, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Reynaldo Maldonado was convicted by a jury of possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Maldonado now appeals his conviction, arguing that there was insufficient evidence to support it and that his counsel provided ineffective assistance. We AFFIRM.

This prosecution resulted from a July 2001 search of a scraper which was being hauled on the flatbed trailer of a rig which Maldonado was driving when he was stopped a few miles north of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Raymondville, Texas. Law enforcement officers found approximately 166 kilograms of marijuana in a concealed compartment in the scraper, which is a large machine used to level streets.

Maldonado moved for a FED. R. CRIM. P. 29 judgment of acquittal after the Government rested its case, but he failed to renew the motion after he presented his case and the evidence was closed. He also did not renew his motion after the jury returned its verdict, as authorized by Rule 29(c). "Where a defendant fails to renew his [Rule 29] motion at the close of all the evidence, after defense evidence has been presented, he waives his objection to the earlier denial of his motion." United States v. Daniel, 957 F.2d 162, 164 (5th Cir. 1992). Accordingly, Maldonado waived his right to complain of the denial of his Rule 29 motion.

Maldonado argues that the evidence presented to the jury was insufficient to prove that he knew there was marijuana concealed in the scraper. Because Maldonado failed to renew his Rule 29 motion, this Court reviews the sufficiency-of-evidence issue under the plain-error standard. United States v. Parker, 133 F.3d 322, 328 (5th Cir. 1998). "A conviction may be reversed under [this] standard only to avoid a manifest miscarriage of justice." Id. "Such a miscarriage would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." Pierre, 958 F.2d at 1310 (citations and quotation marks omitted).

"A conviction for the offense of possession of marijuana with intent to distribute requires proof that the defendant (1) knowingly (2) possessed marijuana (3) with intent to distribute it." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). "[K]nowledge of the presence of the contraband may ordinarily be inferred from the exercise of control over the vehicle in which it is concealed." United States v. Richardson, 848 F.2d 509, 513 (5th Cir. 1988). When drugs are hidden in a vehicle, however, such knowledge usually can be inferred only "if there exists other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." United States v. Garza, 990 F.2d 171, 174 (5th Cir. 1993), (quoting United States v. Anchondo-Sandoval, 910 F.2d 1234, 1236 (5th Cir. 1990)).

Trial evidence that supports the jury's finding that Maldonado knowingly possessed the marijuana includes the fact that he took control of the loaded rig in a residential area of San Juan, Texas, but he told an investigator that he did so in another city; he said that his final destination would not be revealed to him until he arrived in Austin, Texas; and he was taking a longer route than necessary to get there.

Furthermore, Maldonado had no logbook for his rig and only a falsified bill of sale which he presented as his "bill of lading" for the scraper. He untruthfully told an investigator that he had not met with anyone after leaving San Juan and he appeared nervous when interrogated. Maldonado was carrying only $20 when he was

stopped but he said he did not know who was covering the expenses of his trip. Two of the investigators reported that Maldonado was nervous.

The affirmance of Maldonado's conviction does not constitute a miscarriage of justice in light of the trial evidence, which appears to be sufficient under any standard. See Parker, 133 F.3d at 328; United States v. Ortega-Reyna, 148 F.3d 540, 544 (5th Cir. 1998) (stating types of circumstantial evidence which indicate guilty knowledge that drugs were present).

Maldonado contends that he is entitled to reversal because he was denied the effective assistance of counsel in the district court. This court will not adjudicate these claims because the record is insufficient for a fair determination of their merits. See United States v. McIntosh, 280 F.3d 479, 481 (5th Cir. 2002).

AFFIRMED.