United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41632
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE PAUL BURTON; ROMEO BOTELLO, JR.,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-258-1
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wayne Paul Burton appeals his jury convictions for

possession with intent to distribute 570 kilograms of marijuana

and conspiracy to possess with intent to distribute more than

1000 kilograms of marijuana.  Romeo Botello, Jr., appeals his

jury convictions for possession with intent to distribute 828

kilograms of marijuana and conspiracy to possess with intent to

distribute more than 1000 kilograms of marijuana.  They argue

that the evidence is insufficient to support their conspiracy

convictions and that the evidence is not sufficient to establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that their relevant conduct included more than 1000 kilograms of marijuana.  Botello also argues that his conspiracy conviction violates due process because it is not supported by a reliable evidentiary basis; this argument in effect restates his challenge to the sufficiency of the evidence.  A review of the evidence in the record indicates that a rational trier of fact could have found beyond a reasonable doubt that the evidence established that Burton and Botello entered into an agreement with others to transport marijuana, that they knew about the agreement, and that they voluntarily participated in this agreement.  See United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).  The inconsistencies in Burton's statement to police and the false bill of lading indicate that Burton knew the marijuana was hidden in the tractor-trailer.  See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998).  The evidence also established that it was reasonably foreseeable to Burton and Botello that the conspiracy involved the transportation of more than 1000 kilograms of marijuana.  See U.S.S.G. 1B1.3(a)(1); United States v. Vital, 68 F.3d 114, 117 (5th Cir. 1995).

Burton also argues that his trial counsel was ineffective in that: (1) he was not Burton's counsel of choice; (2) he failed to investigate any of the Government's witnesses; (3) he failed to call a key defense witness; (4) he failed to file a motion to suppress challenging the stop of his vehicle on the day of his arrest.  Because Burton did not present these claims to the

district court, the record is not sufficiently developed for us to review the claims at this time and we decline to consider them without prejudice to Burton's right to raise them in a subsequent collateral proceeding.  See United States v. Valuck, 286 F.3d 221, 229 (5th Cir.), cert. denied, 537 U.S. 1000 (2002).

AFFIRMED.