United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51366
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS ORONA-CASTILLO,
Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-170-ALL-H
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:[*]

Jose Luis Orona-Castillo appeals his jury-trial conviction and sentence for aiding and abetting the possession of marijuana with intent to distribute and use of a person under the age of 18 in a drug-trafficking offense. He first argues that the district court erred when it admitted evidence of his 1998 conviction for misprision of a felony. Orona-Castillo asserts that the evidence was introduced to show his bad character and not to show identity, intent, motive, or knowledge.

Because Orona-Castillo asserted that he was not involved in the smuggling of marijuana, his intent was at issue and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admission of evidence of extrinsic acts was therefore relevant to intent. See United States v. Wilwright, 56 F.3d 586, 589 (5th Cir. 1995). As the prior arrest and the charged offense both involved Orona-Castillo's involvement with marijuana, the evidence was relevant to an issue other than character. See United States v. Gordon, 780 F.2d 1165, 1173 (5th Cir. 1986); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

The facts surrounding the prior arrest and the charged offense were similar and involved the same intent. The district court issued a limiting instruction regarding the evidence of the prior arrest both at the time the evidence was presented and in the jury charge. Additionally, the presentation of the evidence of the prior arrest at trial did not occupy a significant portion of the trial, the prior arrest was not a crime of greater magnitude than the charged offense, and the jury is presumed to have followed the district court's instruction limiting its consideration of the prior arrest. Accordingly, the prejudicial effect did not greatly outweigh the probative value. See United States v. Hernandez-Guevara, 162 F.3d 863, 872 (5th Cir. 1998); United States v. Scott, 48 F.3d 1389, 1396-97 (5th Cir. 1995); Beechum, 582 F.2d at 914. The district court did not abuse its discretion by admitting the evidence. See Beechum, 582 F.2d at 911.

Orona-Castillo avers that the evidence was insufficient to support his convictions on Counts One, Two, and Five. Viewing the

evidence in the light most favorable to the Government, we conclude that a rational juror could have found that Orona-Castillo aided and abetted in the possession of the marijuana as alleged in Counts One and Two and that he did knowingly use a person under the age of 18 to possess with intent to distribute 1000 kilograms or more of marijuana as alleged in Count Five.  See United States v. Greer, 137 F.3d 247, 249 (5th Cir. 1998); United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996); 21 U.S.C. § 861(a)(1).

With regard to Count One, Joe Eric White testified that he transported marijuana for Orona-Castillo.  He testified that he was asked by Orona-Castillo to purchase Suburbans which were subsequently used to transport loads of marijuana.  White testified that on November 18, 2003, he and Orona-Castillo "scouted" the route to be used to transport and drop off the load of marijuana. White testified that Orona-Castillo told him what route to take in order to circumvent the checkpoint.  According to White, he and Orona-Castillo made the plan to run the load of marijuana on November 18, but that Orona-Castillo was "the organizer."  A total of 615.950 pounds of marijuana was recovered from the pickup that White was driving.  Directing the procurement of load vehicles and instructing White on how to avoid detection is conduct designed to aid the venture or to assist the perpetrator of the crime.

With regard to Counts Two and Five, Benjamin Ornelas testified that in the morning of December 6, 2003, he picked up a red and gray Suburban which had been loaded with marijuana.  The Suburban

was one of the Suburbans that Orona-Castillo directed White to purchase. Ornelas was transporting approximately 3,000 pounds of marijuana. Juan Torres, who also transported marijuana for Orona-Castillo, testified that Orona-Castillo had complained to him on one occasion that he had lost a load of marijuana when a Suburban flipped over while being driven by "a kid." Ornelas was 17 years old at the time.

Orona-Castillo contends that his sentence runs afoul of United States v. Booker, 125 S. Ct. 738 (2005), because the district court increased his offense level by four levels for his leadership role. He avers that this fact was not found by the jury or admitted by him. Orona-Castillo objected in the district court on this ground and cited to the decision of Blakely v. Washington, 542 U.S. 296 (2004).

Where, as here, a defendant has preserved a Booker challenge in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." See United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005). As the Government does not argue, much less show, that the district court would have imposed the same sentence absent the Booker error, we vacate Orona-Castillo's sentence and remand for resentencing. Given the foregoing, Orona-

Castillo's conviction is AFFIRMED.  His sentence is VACATED, and the matter is REMANDED for resentencing.