United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 05-50612
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY GEAMES, also known as LeRoy Greames,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-224-1
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leroy Geames appeals his convictions for importation of and possession of less than 50 kilograms of marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). He argues that the evidence was insufficient to support his convictions, specifically, that there was insufficient evidence to show his guilty knowledge of the marijuana secreted in his vehicle.

Geames's sufficiency challenge is reviewed to see whether a "reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Bell, 678

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 547, 549 (5th Cir. 1982) (en banc). To obtain convictions for possession with the intent to distribute and for importation of marijuana, the Government was required to prove Geames's guilty knowledge beyond a reasonable doubt. See § 841(a)(1); see also United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). Because the drugs in the instant case were hidden, the Government was required to establish more than Geames's control of the vehicle in question. See United States v. Pennington, 20 F.3d 593, 598 (5th Cir. 1994). The Government was required to present additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge. United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003).

The Government met its burden, presenting ample circumstantial evidence, in addition to his control of the vehicle in which the drugs were found, from which the jury could reasonably infer Geames's guilty knowledge. Agent testimony established that Geames was agitated and nervous at both the primary and secondary inspection of the vehicle and that he avoided watching the search of his vehicle. The government elicited testimony from a customs agent that, normally, persons with nothing to hide will watch the inspection of their vehicle because they are concerned about their personal belongings. Additionally, the vehicle Geames was driving had been recently washed, which agents stated is commonly done by drug smugglers to mask the smell of the narcotics in their vehicle. The testimony was conflicting concerning the reason Geames gave for why he had washed the vehicle. The agents testified that Geames told them an implausible story that he was required to return the vehicle clean to the rental car company, located in New York 2,200 miles away. Geames testified that the reason he washed the vehicle was in order to use pesos that he would not be able to use in the United States; he also said he liked to "travel in style."

Testimony from the agents showed that Geames gave conflicting and implausible statements regarding the purpose of his trip. By one account, Geames told officers that he had gone to Mexico

to "witness to poor Mexicans." However, when officers inquired after his Spanish-speaking abilities, Geames was unable to translate the phrase "what is your name." At another point, Geames stated that he had gone to Ojinaga to buy cheap leather goods. The fact that Geames did not actually buy or have any leather goods in his possession suggested that his story was unlikely, though Geames did testify that the leather goods were too expensive. At trial, Geames offered a third, new story about his reason for going to Mexico. He said that his co-defendant was looking for a man named Diablo, who allegedly owed his co-defendant money, but that they were unable to find him. Considered together, the testimony provided sufficient circumstantial evidence of Geames's guilty knowledge. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998). The district court's judgment is AFFIRMED.