United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2007

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
For the Fifth Circuit*

No. 06-51123

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VICTORIA LYNN CERNA, also known as Victoria Lynn Fox, also known as Victoria Lynn Doggett; LIL-AY-RAMEOQUE SANTOS, also known as Santos Cerna,

Defendants–Appellants.

Appeal from the United States District Court
for the Western District of Texas
No. 4:05-CR-170-4

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Santos Cerna and Victoria Cerna of conspiracy to possess with intent to distribute marijuana and four counts of aiding and abetting possession with intent to distribute marijuana. On appeal, Santos and Victoria challenge the sufficiency of the evidence. We affirm.

We review a defendant's claim of insufficient evidence to determine "whether, after

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]  "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence."[2]

Viewed in the light most favorable to the prosecution, the evidence shows that Santos and Victoria facilitated the transportation of several vehicles across the U.S.–Mexico border from March 2005 through early August 2005.  Many of these vehicles were loaded with large amounts of marijuana.  On several occasions during the five-month period, Santos and Victoria recruited individuals to travel with them to Mexico for the purpose of driving vehicles into the United States.  After Santos, Victoria, and those they recruited had traveled to towns along the border, they would often wait until the vehicles were ready to be moved, at which point the recruits would be asked to drive the vehicles across the border.  Santos and Victoria would cross in a separate vehicle a minute or two ahead of the driver of the other vehicle and expected to reunite with that driver after crossing the border.  Santos and Victoria generally told the drivers to give false information to border agents if questioned about the purpose of their trip to Mexico.  On five separate occasions, agents found marijuana hidden in the vehicles those recruited by Santo and Victoria had driven across the

---

[1]*Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[2]*United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).

2

border.  Additionally, there was evidence that at a point early in the alleged five-month conspiracy, Santos and Victoria were told that at least one vehicle they had arranged to bring across the border was loaded with marijuana.

Santos and Victoria argue that they are entitled to acquittal because the Government failed to provide sufficient evidence for a rational trier of fact to find an essential element of both the conspiracy charge and the aiding and abetting charges beyond a reasonable doubt. Knowledge is an essential element of both crimes, and Santos and Victoria each argue that there is insufficient evidence that they knew the vehicles contained marijuana. "[P]roof that possession of contraband is knowing will usually depend on inference and circumstantial evidence."[3]  The question is not whether any single piece of circumstantial evidence is conclusive when considered in isolation, but whether the evidence as a whole is sufficient to constitute conclusive proof.[4]

When viewed as a whole, the evidence could lead a rational trier of fact to find the essential elements of the conspiracy and aiding and abetting charges beyond a reasonable doubt.  Likewise, a rational trier of fact could reject the defendants' implausible assertion that they were unaware that the vehicles contained marijuana.  We AFFIRM.

---

[3]*United States v. Richardson*, 848 F.2d 509, 514 (5th Cir. 1988).

[4]*See id.*