IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-50981
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCOS ANTONIO GONZALEZ-ALVIDRES; NICANOR PORTILLO-OLIVAS

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-191-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marcos Antonio Gonzalez-Alvidres ("Gonzalez") and Nicanor Portillo-Olivas ("Portillo") appeal their convictions, following a jury trial, on count one of the indictment for aiding and abetting, and intentionally and knowingly instigating, conniving, attempting to cause, and conspiring to cause a mutiny or riot at the Ector County Correctional Center ("ECCC"), in violation of 18 U.S.C. § 1792. Portillo also appeals his conviction on count two for aiding and abetting, and intentionally and knowingly using fire to commit the felony offense set forth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in count one, in violation of 18 U.S.C. § 844(h). Gonzalez and Portillo argue that the evidence was insufficient to support their convictions.

At trial, the government called a number of corrections officers from ECCC to testify. Gonzalez and Portillo put on no evidence. Instead, they moved for a motion of acquittal at the close of the government's case. Because Gonzalez and Portillo preserved the issue of the sufficiency of the evidence, the applicable standard of review is "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). A review of the sufficiency of the evidence does not include a review of the weight of the evidence or a review of matters of witness credibility. See United States v. Myers, 104 F.3d 76, 78-79 (5th Cir. 1997). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).

The evidence at trial showed the following. In the early afternoon, while Officer Prieto was patrolling the area of cell block 2-N, Gonzalez indicated that he had a problem with another inmate in a different cell block and that he needed to speak to the other inmate. Prieto did not allow Gonzalez out but instead went to speak with his supervisor, Officer Vasquez. Gonzalez then used the prison intercom system to buzz the main office in order to speak with Officer Vasquez. Gonzalez said that he needed to talk to someone about a problem. When Vasquez and Prieto returned, Gonzalez was at the entrance to cell-block 2-N, and was surrounded by a small group of other inmates who also seemed agitated. One of those inmates was co-defendant Portillo. Vasquez took Gonzalez out of the cell into a hallway to talk to him. Gonzalez requested that he be allowed to speak with the inmate in another cell block. When Vasquez denied the request Gonzalez became more agitated and demanding. Gonzalez

said to Vasquez, in Spanish, "You know what will happen if you don't take me out."

In response to this incident, Gonzalez was moved to a private holding cell in cell block 2-C, away from 2-N. Officer Prieto testified that when officers came to remove Gonzalez, Gonzalez whispered something to Portillo and the two exchanged hand signals.

Shortly thereafter, another intercom request came from 2-N. This time, Officers Vasquez and King returned to find co-defendant Portillo at the entrance to cell block 2-N. He was with a small group of inmates who appeared agitated. Portillo asked the officers why Gonzalez had been removed and when he would return. The officers responded that it would be a few days before Gonzalez could return. Portillo then said to the officers: "you know what is going to happen" if you do not bring Gonzalez back. The officers testified that Portillo and the other inmates nearby appeared angry at the responses to their questions.

Officers then returned to 2-N to gather Gonzalez's personal belongings to take to cell block 2-C. When the officers arrived at 2-N, Portillo told them they could "come and get it," referring to Gonzalez's personal belongings. Officer King testified that the situation recovering Gonzalez's belongings was "tense."

About five minutes after the officers gathered Gonzalez's belongings, and thirty minutes after the initial intercom call from Gonzalez, the fire alarm alerted a fire in 2-N. When officers arrived at the scene of the fire, they spent five-to-fifteen minutes putting out the fire with the use of oxygen masks and multiple extinguishers. After the fire was out, the officers noticed that the fire had been set amongst a pile of blankets and mattresses. A fire investigator determined that the fire was intentionally set in 2-N, but there was no way to determine who set the fire.

Based on their past interactions with inmates and their observations during the course of the events leading up to the fire, multiple witnesses testified

that they understood Gonzalez and Portillo to be the "functional leaders" of cell block 2-N.

The jury found that Portillo and Gonzalez conspired to cause a mutiny or riot at ECCC. Portillo and Gonzales argue that there was insufficient evidence to establish a conspiracy to mutiny or riot. The elements of a conspiracy may be established by circumstantial evidence and "may be inferred from the development and collocation of circumstances." United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996) (internal quotation marks omitted); see United States v. Pierre, 958 F.2d 1304, 1311 (5th Cir. 1992). A conspiracy between Gonzalez and Portillo to cause a mutiny or riot reasonably could be inferred from the following evidence at trial: the brief period of time between the denial of Gonzalez's request to speak to an inmate in another cell, his removal from cellblock 2-N, and the fire; testimony that Gonzalez, or Gonzalez and Portillo, appeared to be "leaders" of the cellblock; Gonzalez was angry that his request to talk to another inmate was denied; that Gonzalez and Portillo whispered and made hand motions to each other before Gonzalez was removed from the cellblock; that Portillo and other inmates were upset and angry that Gonzalez had been removed from the cellblock; and that Gonzalez and Portillo made similar threats to corrections officers just before the fire was set. Based on this evidence, the jury could reasonably find that Gonzalez and Portillo conspired to cause a mutiny or riot. See 18 U.S.C. § 1792. The evidence also supports the jury's verdict that Portillo used fire to commit the offense of conspiracy to cause a mutiny or riot. See id. at § 844(h). Because the evidence was sufficient to support the jury's verdict, we affirm the convictions.

Gonzalez also challenges his sentence, arguing that the district court erred in calculating his base offense level as 22 pursuant to UNITED STATES SENTENCING GUIDELINES MANUAL ("USSG") § 2P1.3 (2006). "[T]he abuse-of-discretion standard of review applies to appellate review of all sentencing decisions–whether inside or outside the Guidelines range." Gall v.

United States, 128 S. Ct. 586, 596 (2007). This court reviews the district court's application of the Guidelines de novo, and the district court's findings of fact for clear error. See United States v. Cuyler, 298 F.3d 387, 389 (5th Cir. 2002). The Guideline for engaging in, inciting, or attempting to incite a riot involving persons in a facility for official detention is set forth in § 2P1.3, which provides for a base offense level of 22 "if the offense was committed under circumstances creating a substantial risk of death or serious bodily injury to any person." USSG § 2P1.3(a)(1). We have held that a "jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Valdez, 453 F.3d 252, 264 (5th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 456 (2006). Based on the sentencing record, the district court did not clearly err in finding that the offense for which Gonzalez was convicted (i.e., conspiracy to cause a mutiny or riot) created a substantial risk of death or serious bodily harm based on the fire that was set in furtherance of the conspiracy.

Gonzalez asserts, without citation to the record or legal authority, "that based on the evidence before this Court, any restitution attributable to the fire should not be charged against him." We require arguments to be briefed in order to be preserved. See Yohey v. Collins, 985 F.2d 224, 225 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Gonzalez's challenge to the imposition of restitution is not adequately briefed and is deemed abandoned. See Yohey, 985 F.2d at 224-25.

AFFIRMED.