IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41013
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE NELSON JAIMES-ABELLANEDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-84-ALL
--------------------
February 14, 2003

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Jose Nelson Jaimes-Abellaneda (Jaimes) appeals his conviction for the knowing and intentional possession with intent to distribute in excess of 500 grams of cocaine. Jaimes asserts that the district court erred in its admission of testimony from United States Customs Special Agent Weicks. We review such rulings under an abuse-of-discretion standard. United States v. Hernandez-Guevara, 162 F.3d 863, 869 (5th Cir. 1998). Jaimes has not shown

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court abused its discretion in allowing Weicks, an experienced narcotics agent, to testify about methods of operation common to the drug distribution business. United States v. Washington, 44 F.3d 1271, 1283 (5th Cir. 1995).

Jaimes also argues that the district court erred in admitting Weicks's testimony regarding his statements because those statements were made through an interpreter and that the interpreter had not been qualified. Jaimes does not assert that Weicks's testimony did not reflect accurately the statements he made at the time of his arrest. Jaimes has not suggested how his substantial rights were affected. United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996). This issue has no merit.

Jaimes contends that the evidence was insufficient to prove beyond a reasonable doubt that he knew that the cocaine was concealed in the manifold of the truck. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). The offense of possession of drugs with intent to distribute has three elements: (1) the defendant knowingly (2) possessed the drugs (3) with intent to distribute them. United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). Guilty knowledge of possession may be inferred from control of a vehicle containing drugs, but "when the contraband is hidden the Government must produce additional indicia that the defendant was aware of the presence of drugs." See Lopez, 74 F.3d at 577-78. Behavior that may indicate guilty knowledge includes nervousness or lack thereof, conflicting statements to inspection

officials, and implausible explanations.  Ortega Reyna, 148 F.3d at 544.

The uncontradicted evidence of Inspector Ruiz shows that Jaimes was nervous to the point of shaking during the initial immigration inspection.  Inspector Ruiz testified that he directed Jaimes to the secondary inspection, in part, because he gave vague and incomplete answers to questions regarding his stay in Mexico. Special Agent Weicks testified that Jaimes gave inconsistent statements and vague answers regarding the length of time that he was in Mexico, his employment status, where he had stayed while in Mexico.   Although Jaimes asserts that his explanation was plausible, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence."  See Lopez, 74 F.3d at 577.  The evidence adduced at trial was sufficient to allow a rational jury to find that Jaimes knew of the cocaine concealed in the manifold of his truck.  See United States v. Gutierrez-Farias, 294 F.3d 657, 660-61 (5th Cir. 2002).

AFFIRMED.