**UNITED STATES of America, Plaintiff,**

v.

**Dexter RODNEY, Defendant.**

**No. 03 CR. 0819.**

United States District Court, S.D. New York.

Feb. 11, 2004.

Julian D. Schreibman, New York, NY, for US.

Philip L. Weinstein, The Legal Aid Soc., Federal Defender's Div., New York, NY, for Dexter L. Rodney.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Defendant Dexter Rodney ("Rodney") is charged in a two-count indictment of bank

fraud in violation of 18 U.S.C. §§ 1344 and 2; and embezzling, stealing or converting property of a financial institution in violation of 18 U.S.C. §§ 641 and 2. At trial before a jury, the Government presented evidence that the crimes charged were committed by means of a bank account Rodney had opened at a branch of Fleet Bank ("Fleet") in New York, and used to deposit and withdraw, without the payees' authorized endorsements, funds from certain checks of United States Treasury and the New York City Retirement System payable to third persons. Though Rodney does not dispute that his Fleet account served as a vehicle for the unlawful transactions the Government charges, he asserts that all of the evidence the Government produced at trial to link him with the offenses charged is circumstantial and that the proof is insufficient as a matter of law to establish his guilt beyond a reasonable doubt.

Consequently, at the conclusion of the Government's direct case, Rodney moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29").[1] Also, in connection with the preparation of the Court's instructions to the jury, Rodney requested that, in its charge regarding inferences, the Court include language instructing the jury that if the evidence gives equal or nearly equal circumstantial support to a theory of guilt as to a theory innocence, then the jury must be deemed to have a reasonable doubt and must render a verdict of not guilty. For this request, Rodney relies on language contained in the Second Circuit's decision in *United States v. Glenn*, 312 F.3d 58, 70 (2d Cir.2002). The Court addresses these matters in turn.

## A. *RULE 29 MOTION*

■ The Court denies Rodney's Rule 29 motion for judgment of acquittal.

Rule 29 permits the Court to grant a judgment of acquittal at the close of the Government's case-in-chief if it finds that there is insufficient evidence from which a rational tier of fact could find that the Government has proved beyond a reasonable doubt that the defendant is guilty of offenses charged. *See* Fed.R.Crim.P. 29(a); *see also Glenn*, 312 F.3d at 63 (citations omitted). In deciding a motion for a judgment of acquittal, the Court must view all the evidence adduced at trial in its totality and in a light most favorable to the Government and give the Government the benefit of all reasonable inferences. *See id.* (citing *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998)). As such, the defendant challenging the sufficiency of the evidence bears a " 'heavy burden" ' in demonstrating that even after granting such inferences to the Government, no rational jury could find the defendant guilty beyond a reasonable doubt. *Id.* (quoting *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir.1994)).

Upon due consideration of the evidence adduced at this trial, the Court finds that the defendant has not met this burden. After viewing the totality of the evidence the Government has adduced, the Court is persuaded that the record contains sufficient evidence, although circumstantial in nature, from which a rational jury could find beyond a reasonable doubt that the Rodney committed the acts of which he is charged knowingly and willingly, as set forth in the two counts in the indictment. In so holding, the Court considers the following evidence.

First, it is uncontested that Rodney opened a bank account at Fleet and that this account contained his address. It is also uncontested that the bank sent state-

1. Rodney renewed his Rule 29 motion just prior to the Court's instructions to the jury.

ments and notices to Rodney's address on several occasions, including notices of suspicious activity in the account. The Government's evidence at the very least raises a reasonable inference that there was a causal connection between the timing of the bank's notification that there was suspicious activity on the account and Rodney's claim that he had lost his Fleet debit card and his driver's license. The Government's evidence, when viewed in a light most favorable to it, raises a reasonable inference that Rodney had, in fact, not lost his Fleet debit card and driver's license, but was attempting to conceal the fraudulent scheme after he had reason to believe that it may have been or was about to be uncovered. The Court notes that, when viewed in a light most favorable to the Government, the evidence establishing the timing of Fleet's threatened closure of Rodney's account and the termination of the fraudulent activity, coupled with the uncontested evidence that Rodney did not inquire into the status or activity in his account that was shown on Fleet's statements regularly addressed to him at the residence he reported to the bank upon opening the account, raises a reasonable inference that at the very least, Rodney knowingly and willingly participated in the alleged scheme.

From this evidence, considered together with the documentary evidence establishing the nature of the forged checks, the Court concludes that a rational jury could find Rodney guilty beyond a reasonable doubt of both bank fraud and receipt of stolen federal funds.

Furthermore, the Court finds that the evidence adduced by the Government regarding the notations made on Rodney's account screen by Fleet's telephone customer service representative raises a reasonable inference that Rodney was aware of Fleet's notifications and the activity in his account. The Court finds that a ra-

tional jury could reasonably infer that Rodney's actions during this time are consistent with knowledge and participation in the fraudulent scheme of which he stands accused.

In short, when the evidence is considered as a whole, after viewing it in a light most favorable to the Government and granting the Government the benefit of all reasonable inferences, the Court finds ample basis from which a rational trier of fact could conclude that Rodney is guilty of the offenses charged beyond a reasonable doubt. Accordingly, the Court denies Rodney's motion for a judgment of acquittal.

## B. *THE COURT'S INSTRUCTIONS*

■ Having considered Rodney's proposed instruction regarding inferences, the Court denies the request.

First, the question of whether the circumstantial evidence the Government presented here equally supports a theory of guilt and a theory of innocence is not one that appropriately relates to the inference charge in the Court's jury instructions. As generally framed, the standard inference instruction addresses conclusions the jurors may reasonably reach about discrete facts relating to discrete issues, rather than a determination as to guilt or innocence that they may make on the basis of weighing the totality of the evidence produced at trial. Ordinarily, we do not properly say that the jury may "infer" a defendant's guilt or innocence from an examination of the whole body evidence in the trial record.

■ More properly conceived, the issue Rodney raises relates not to inferences that the jury may or may not draw from particular items of circumstantial evidence, but to the Government's burden of proof. More specifically, the underlying question is whether the quantum of evidence the Government has produced, even if it is all

circumstantial, is sufficient to prove the defendant's guilt beyond a reasonable doubt. In this regard, the teaching of *Glenn* is simple and axiomatic: the Government has the burden to prove guilt beyond a reasonable doubt and in meeting that burden, it may rely entirely on circumstantial evidence. *See Glenn*, 312 F.3d at 64, 70. As the Second Circuit reaffirmed, circumstantial evidence "can be as compelling as direct evidence and a conviction can rest solely on circumstantial evidence." *Id.* at 70. In the final analysis, however, the amount of evidence the Government adduces, regardless of the type, must be sufficient to satisfy the Government's burden of proof.

Second, the Circuit Court's decision in *Glenn* and the language in question arose in the context of a Rule 29 motion for judgment of acquittal. *See id.* at 63. In the passage Rodney cites that he proposes be added to this Court's jury instructions in the instant case, the Second Circuit addresses the application of the appropriate Rule 29 standard of review. In this regard, the particular language the Circuit Court employed is qualified by the caveat that *"if the evidence viewed in the light most favorable to the prosecution"* gives equal circumstantial support to a theory of guilt a to a theory of innocence, then " 'a reasonable jury must necessarily entertain a reasonable doubt.' " *Id.* at 70 (quoting *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir.1996)) (emphasis added). Clearly, this is a test that applies in the Rule 29 context from a perspective of the court viewing the whole evidence retrospectively in assessing its sufficiency to support a conviction, and not one relevant to a jury's prospective view of the totality of the trial evidence prior to its verdict. For the Court to endeavor to charge the jury as Rodney proposes would require introduction of a standard and concepts not ordinarily pertinent to the jury's deliberations, thereby injecting unnecessary complexity into the Court's instructions at this point and inviting legal dispute between the parties.

Finally, were the Court to entertain an instruction containing the passage Rodney suggests, it would feel compelled to place it properly in the context of the Government's burden of proof and balance it with the proposition, also reaffirmed by the Second Circuit in *Glenn*, that "[c]ircumstantial evidence can be as compelling as direct evidence and a conviction can rest solely on circumstantial evidence." *Id.*

## II. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Dexter Rodney for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is DENIED.

**SO ORDERED.**