United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-20939
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

VICTOR LAMAR GIBBS,

Defendant-

Appellant.

------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-91-1
------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:*

Victor Gibbs appeals his jury-trial conviction for possession of a firearm by a convicted felon

in violation of  18 U.S.C. §§ 922(g)(1), 924(a)(2).  Gibbs argues that the district court erred in

submitting a jury instruction on deliberate ignorance.

Because Gibbs failed to object to the court's jury instruction, the issue is reviewed for  plain

error.  See United States v. Harris, 104 F.3d 1465, 1471-72 (5th Cir. 1997).  This court will uphold

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the deliberate ignorance instruction so long as sufficient evidence supports its inclusion. Id. at 951.

The record contains substantial evidence that Gibbs had actual knowledge of the presence of the firearm in his vehicle. Testimony from two different arresting officers provided that Gibbs made statements concerning his awareness of the presence of the firearm. The jury was entitled to believe this testimony. See United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). Moreover, testimony from the officers concerning the unusual way in which Gibbs was seated to conceal the firearm supports the conclusion that Gibbs was aware of the firearm. Accordingly, no plain error occurred in the court's submission of the instruction. See Threadgill, 172 F.3d at 369.

Gibbs further argues that the district court's deliberate ignorance instruction failed to contain an element of conscious avoidance. Gibbs cannot demonstrate plain error with respect to this argument because the district court's instruction tracked the relevant pattern jury charge and he did not object to the instruction at trial. See United States v. Stewart, 879 F.2d 1268, 1271 (5th Cir. 1989).

Gibbs finally argues that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g)(1). "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001). Gibbs concedes that his argument is foreclosed by case law from this circuit. He raises his argument solely to preserve it for Supreme Court review. The judgment of the district court is AFFIRMED.