# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2012

No. 10-50822
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NAHUM SAMIENTO RAMIREZ, also known as Nahum Sarmiento Ramirez;
RUILBER ALEXANDER ALEMAN,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-123-3

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nahum Samiento Ramirez and Ruilber Alexander Aleman appeal from their convictions of bank robbery, using, carrying, or brandishing a firearm during and in relation to a crime of violence, and aiding and abetting. Both Ramirez and Aleman challenge the introduction of certain evidence, and Ramirez challenges the sufficiency of the evidence to support his bank robbery conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50822

The convictions under consideration here arose from the robbery of Cattleman's National Bank (CNB) in Round Mountain, Texas, on November 20, 2009. The district court allowed the Government to present testimony about the robbery of an Allstate insurance agency in San Antonio on November 19, 2009, and testimony about the robbery of the Covarrubias Insurance Agency in San Antonio on November 6, 2009. Aleman and Ramirez both challenge the introduction of evidence of the Allstate and Covarrubias robberies. Aleman further contends that his motion for a severance should have been granted because the evidence of the other robbery was relevant to Ramirez but not to him. The Government contends that evidence of the Allstate robbery was intrinsic to the CNB robbery because the two robberies were hours apart and were part of a single criminal episode. Moreover, the Government argues, the robberies were sufficiently similar to the CNB robbery to be admitted as extrinsic evidence pursuant to Federal Rule of Evidence 404(b), and that any prejudice was obviated by the district court's instruction that Aleman and Ramirez were not on trial for any acts not charged in the indictment.

A district court's evidentiary rulings are reviewed under the abuse of discretion standard. *United States v. Setser*, 568 F.3d 482, 493 (5th Cir. 2009). Rule 404(b) prohibits the introduction of evidence of other acts "to prove a person's character in order to show that . . . the person acted in accordance with the character," but other act evidence may be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b). "In a criminal case, Rule 404(b) evidence must be strictly relevant to the particular offense charged." *United States v. Yi*, 460 F.3d 623, 631 (5th Cir. 2006). Moreover, Rule 404(b) evidence "is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). "Even if the district court abused its discretion, this court will not overturn a conviction unless the

2

defendant was prejudiced by erroneous admission of evidence." *Yi*, 460 F.3d at 631.

Here, the testimony about the Allstate and Covarrubias robberies was relevant as extrinsic act evidence because the modus operandi employed, the clothing worn by the robbers, and the language spoken by the robbers was similar to the modus operandi, clothing, and language in the CNB robbery. Additionally, a camera belonging to a victim of the Allstate robbery was found in the CNB getaway car, and one of the Allstate robbers brandished a firearm visually similar to the firearm taken from Aleman when he was arrested. Moreover, a victim of the Covarrubias robbery identified Ramirez as a robber, and his fingerprints were found at the scene. The testimony about the two other robberies was relevant to the CNB robbers' identity, their modus operandi, their planning, and their preparation. *See* Rule 404(b). Admission of the evidence was not an abuse of discretion. *See Setser*, 568 F.3d at 493.

The Government contends that evidence of the Allstate robbery was intrinsic to the CNB robbery. We need not decide that issue, as the evidence was admissible pursuant to Rule 404(b).

Aleman cannot demonstrate that the joint trial prejudiced him to the extent that the district court could not protect him, and the denial of the severance request was not an abuse of discretion. *See United States v. Peterson*, 244 F.3d 385, 393 (5th Cir. 2001). First, both robberies were relevant to the case against Aleman, even if the evidence was circumstantial and the evidence as to the Covarrubias robbery was much stronger as to Ramirez. Thus, any spillover effect was minimal. Second, although Aleman did not request any limiting instruction, the district court instructed the jury that Aleman "is not on trial for any act, conduct, or offense not alleged in the indictment." Third, the prosecutor told the jurors during closing arguments that it would not be asked to reach a verdict as to the two robberies and that the evidence was presented to assist the jury "make decisions about the planning of this case, about the aiding and

3

abetting of these individuals together . . . , to help you make decisions about identity of the robbers." The jurors were informed correctly that Aleman was not on trial for the other robberies and informed of the permissible uses of the evidence. *See* FED. R. EVID. 404(b).

This court will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). This court "view[s] the evidence in the light most favorable to the verdict and draw[s] all reasonable inferences from the evidence to support the verdict." *Percel*, 553 F.3d at 910 (internal quotation marks and citation omitted).

This court does "not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). The jury alone decides the credibility of witnesses and chooses among reasonable constructions of the evidence. *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994). This court must "consider the evidence, all reasonable inferences drawn therefrom, and all credibility determinations in the light most favorable to the prosecution." *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996). Review is "limited to whether the jury's verdict was reasonable, not whether [this court believes] it to be correct." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001).

To establish a violation of 18 U.S.C. § 2113(a), "bank robbery and incidental crimes," the Government was required to prove beyond a reasonable doubt that an individual or individuals "by force and violence, or by intimidation, t[ook], or attempt[ed] to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." § 2113(a). The statute defines a bank as an

institution whose deposits are insured by the Federal Deposit Insurance Corporation. § 2113(f). The FDIC-insured status of CNB is not at issue on appeal; Ramirez challenges only his identity as a robber.

Much of Ramirez's brief is devoted to attacking the credibility of Police Chief Randy Holland's identification of Ramirez. Even without that identification, however, the evidence was sufficient to support Ramirez's conviction. First, Ramirez's DNA was found in the getaway car and on a ski mask found at George and Susie Bircks's residence. Second, Ramirez was wearing items of the Bircks's clothing when he was arrested. Third, Ramirez was identified as one of the robbers of the Covarrubias agency; Ramirez's fingerprints were found at the scene of that robbery; and the modus operandi of the CNB and Covarrubias robbers was very similar. Fourth, the modus operandi of the CNB and Allstate robberies was very similar. Fifth, Ramirez was engaged in telephone calls with Aleman and codefendant Baltazar Nava that ended approximately two hours before the CNB robbery. The jury could have inferred beyond a reasonable doubt from this evidence that Ramirez was one of the CNB robbers.

Finally, Aleman moves for an order compelling counsel to file a brief or, in the alternative, for appointment of new counsel. Counsel filed a merits brief, rendering Aleman's motion moot.

AFFIRMED; MOTION DENIED.