EDITH BROWN CLEMENT, Circuit Judge,
dissenting:
The evidence shows that Abraham Isidro Vara, a resident of Houston, purchased a car in Mexico, then quickly drove it back- and-forth across the border on two consecutive days, and on the second time he was discovered to be carrying $12,000 worth of illegal drugs in a hidden compartment. Vara exhibited signs of nervousness at the border checkpoint and gave answers that could only be considered either evasive or implausible. Moreover, Vara’s ignorance of the contents of the hidden compartment is credible only to the extent one credits the far-fetched theory that he was used as a cat’s-paw in a drug trafficking scheme he knew nothing about, despite the awkward fact that any trafficker using him as mule would have had to follow him, gain possession of his car, and partially dismantle the car in order to retrieve the drugs. Despite these facts, the majority sets aside the perfectly reasonable jury verdict finding Vara guilty of knowingly importing and possessing with the intent to distribute marijuana.
We have previously stated in hidden compartment cases that control over the vehicle containing the drugs must be “supplemented by other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge.” United States v. Ramos-Garcia, 184 F.3d 463, 465 (5th Cir.1999) (internal quotation marks omitted). “This requirement stems from our recognition that, in hidden compartment cases, there is at least a fair assumption that a third party might have concealed the controlled substances in the vehicle with the intent to use the unwitting defendant as the carrier in a smuggling enterprise.” United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir.1998). But we have also recognized that the “fair assumption” is not equally applicable to all hidden compartment cases. See id. The specific circumstances make it especially unlikely that Vara was used as an unwitting carrier.
First, Vara claimed to own the car that he was driving. Neither Vara nor the majority cites a single hidden compartment case that has overturned a conviction of the owner of the car used to smuggle drugs. And there is good reason for this — to credit the assumption that a third party was using the defendant as an unknowing carrier, there needs to be a plausible theory for how the third party planned to retrieve his drugs. For example, in Ortega Reyna, upon which the ma *564 jority heavily relies, the defendant was borrowing the loaded vehicle from a friend and had prearranged to return the truck to its owner on the U.S. side of the border. 148 F.Bd at 542-43. Vara, on the other hand, claimed to have owned the loaded car, negating the possibility that any plan existed to return the car to the “guy” who had sold it to him in Mexico.[1] In fact, none of the circumstances indicate any plausible way a third-party trafficker could have reclaimed the drugs stashed in Vara’s car without his knowledge and cooperation.
Second, the specific hidden compartment in Vara’s car was only accessible by partially dismantling the car’s interior. This means that in order to retrieve the marijuana, a third-party trafficker using Vara as a transporter would not only have to follow Vara, but gain possession of his car for a long enough period to dismantle and reassemble it, all without Vara’s knowledge. Third, Vara’s statements at the border checkpoint indicated that he did not know the person who sold him the car. If the jury credited Vara’s story,[2] it further undercuts the plausibility of the unwitting-dupe theory because any supposed third-party trafficker would have even greater difficulty tracking, acquiring, dismantling, and reassembling the car of a man he did not even know. All of these circumstances constitute the kind of additional “circumstantial evidence that is suspicious in nature” that supplements possession to prove knowledge and defeat the “fair assumption” in hidden compartment cases. The majority responds to the implausibility that Vara was used as an unwitting carrier by asserting that the unwitting carrier theory is just “one hypothetical circumstance that would be consistent with a lack of guilty knowledge.” But this characterization is at odds with the entirety of our hidden compartment jurisprudence, which has uniformly treated the unwitting carrier possibility as the specific rationale for crediting the “fair assumption” that a defendant might not know of the concealed drugs. See, e.g., Ortega Reyna, 148 F.3d at 544. That the unwitting carrier possibility is more than just “one hypothetical” theory of innocence in hidden compartment cases is sufficiently demonstrated by our cases holding that a valuable quantity of drugs is evidence of knowledge due to the unlikelihood that a third-party trafficker would entrust something so valuable to an unwitting carrier — a rule that is comprehensible only in light of the fact that the unwitting carrier theory is what justifies the heightened evidentiary requirement in the first place. See, e.g., United States v. Gareia-Flores, 246 F.3d 451, 455 (5th Cir.2001). Of course, in ordinary cases, control over the loaded vehicle is enough to prove knowledge beyond a reasonable doubt. Thus, the eroding plausibility of the unwitting mule theory pushes a case back toward the general rule that control is sufficient and reduces the amount of additional circumstantial evidence needed to sustain a conviction.
*565 The majority asserts that there also are “any number of other circumstances whereby an unsuspecting individual might end up purchasing a car that, unbeknownst to the purchaser, contained concealed contraband.” No doubt, the majority can imagine a number of stories that it concludes are consistent with the evidence, but the question is whether any of those imaginings represents such a likely explanation that all reasonable jurors would have to retain a reasonable doubt about the government’s obviously plausible theory of the evidence. In an ordinary possession case, in which control is sufficient to support a conviction, it is invariably true that there are “any number of other circumstances whereby an unsuspecting individual might end up” with drugs, say, in his trunk. But because all those imaginable circumstances are usually so much less plausible than the explanation of guilt, they do nothing to unsettle the reasonableness of a jury’s guilty verdict. “The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence.” United States v. Lopez, 74 F.3d 575, 577 (5th Cir.1996).
Not only is the unwitting mule theory incredible, the evidence also shows that Vara had crossed from Mexico into the United States and back again on the day immediately preceding his arrest. This is consistent with the practice, described at trial by Agent Conley, of “burning plates,” whereby someone intending to import drugs into the country crosses the border a day before to ensure that the vehicle he intends to use does not raise any “alerts or hits” at the checkpoint. That Vara crossed the border on consecutive days does not, by itself, establish that he knew he was carrying drugs, but it certainly constitutes the type of “circumstantial evidence that is suspicious in nature” that gives additional support to a jury verdict. The majority asserts that finding this behavior suspicious is mere speculation, but it does not explain why it is speculation rather than a permissible inference from the evidence in the record. Moreover, Vara told a story at the border checkpoint that the jury could reasonably conclude was implausible. Vara explained that he had purchased the Monte Carlo three days earlier from “some guy” for $1000. It is unlikely that someone who had purchased a car only three days earlier would be unable to identify the seller.
The majority’s dismissal of the evidence that Vara knew exactly what was in his car demonstrates a flawed approach to evaluating the evidence of knowledge in hidden compartment cases. We require additional circumstantial evidence, apart from control over the loaded vehicle, to prove knowledge, but that does not mean that such additional evidence must be equivalent to the level of evidence that would be required to prove knowledge beyond a reasonable doubt even in the absence of control, as, for example, against an accomplice charged with knowing possession who was not in the vehicle at the time the drugs were discovered. In other words, control of the vehicle, though not sufficient by itself, is still some evidence of knowledge, particularly where the unwitting carrier presumption is made implausible by the circumstances of the suspect’s control over the vehicle. When the majority concludes that “the evidence of generalized nervousness, the value of the marijuana, and Vara’s travel to an Eagle Pass insurance agency the day before he left for Houston was, altogether, insufficient evidence for a rational jury to find beyond a reasonable doubt that Vara knew about the hidden compartments in the Monte Carlo,” it demonstrates that it has erroneously counted possession for nothing.
*566 “The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence.” Lopez, 74 F.3d at 577. Moreover, “[a]ll reasonable inferences must be drawn, and all credibility determinations made, in the light most favorable to the verdict.” United States v. Villarreal, 324 F.3d 319, 322 (5th Cir.2003). The majority ignores these basic principles, reversing Vara’s convictions precisely because, in its own view, the evidence did not “exclude every reasonable hypothesis of innocence.” Because a reasonable trier of fact could and did conclude that the knowledge element of the charged crimes was proved beyond a reasonable doubt, I respectfully dissent.

. The majority over-extends Ortega-Reyna by treating its statement that the need for additional evidence of knowledge is "heightened” when the vehicle has been in the suspect's possession for only a short time as applicable regardless of whether the suspect owns the car. In Ortega-Reyna, the short time of possession, coupled with the lack of ownership, indicated a likelihood that the defendant had no knowledge of the secreted drugs. As explained, the unwitting carrier possibility is significantly less plausible where the suspect owns and controls the vehicle.

. As explained below, the jury may not have credited Vara’s story that he bought the car for $1000 from "some guy.” The jury was free either to believe Vara’s story, and count his ownership as evidence of knowledge, or to reject it as implausible, and count his implausible tale as evidence of knowledge.