# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2013

No. 12-60074
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON OWENS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-6-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jason Owens appeals his conviction for transporting child pornography. He asserts that the evidence was insufficient to establish beyond a reasonable doubt that he knowingly transferred the images from his jasonz_14@yahoo.com account into his Shiloe26 Photobucket account on October 1, 2007. According to Owens, he could not have transferred the images because September 20, 2007, was Yahoo's cut-off date for transferring photos from its photo service to another photo website. He suggests that the images migrated from the Yahoo account

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the Photobucket account on October 1, 2007, spontaneously or accidentally without any affirmative act by him.  He also promotes a theory that someone else used his work computer to transfer the images while he was at home with a spider bite on October 1, 2007.

When the evidence, all reasonable inferences therefrom, and all credibility determinations are viewed in the light most favorable to the Government, the evidence before the jury was sufficient for a reasonable jury to find beyond a reasonable doubt that Owens caused the transfer of the images of child pornography.  *See United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).  Though he denied it and testified that he was home without access to a computer on the day of the transfer, Owens's credibility was undermined by the disappearance of his employer's records that would have confirmed his absence, by the work-related instant messages sent from Owens's account that day, and by his co-worker's testimony that Owens asked him to provide inaccurate information to support his claim that he was home.  It fell within the sole province of the jury to weigh the credibility of the witnesses.  *See United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994).

The jury heard testimony, including an admission by Owens, that he was the subscriber of the jasonz_14@yahoo.com account and the Shiloe26 Photobucket account.  Evidence established that the accounts were password protected.  The jury heard how the transfer of images between the accounts required an affirmative act by the subscriber, a virtual "handshake" in which the subscriber was required to manually enter both his Yahoo and Photobucket user names and passwords, even when that information was saved on his computer.  A Yahoo representative also testified that Yahoo would not transfer images unless the subscriber first selected the particular images and requested the transfer.  While other employees of PT Brokers may have used Owens's work computer, there was no evidence that someone else maintained the passwords to the two accounts, and his co-workers explicitly testified that they did not

access Owens's digital photo albums, view or save child pornography on his computer or his Yahoo or Photobucket accounts, or view pornography websites on his computer.

In sum, there is no "equal or nearly equal circumstantial support" for the theory that the images of child pornography spontaneously transferred between Owens's two accounts. *See United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011). Nor is there "equal or nearly equal circumstantial support" for the theory that someone else caused the images to be moved from the Yahoo account into the Photobucket account. *See id.* We will not second guess the jury's reasonable construction of the evidence or its credibility determinations. *See Zuniga*, 18 F.3d at 1260.

The judgment of the district court is AFFIRMED.