# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIGIDO ESPINOZA-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-370-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:*

Brigido Espinoza-Diaz was convicted by a jury of conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He was sentenced to a within-guidelines sentence of 33 months in prison and three years of supervised release.

He first contends on appeal that the evidence was insufficient to support his conviction. In particular, he asserts that the evidence was insufficient to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50081

prove that he entered into an agreement with another individual to transport illegal aliens and the illegal alienage of the individuals he transported. "When an insufficiency-of-the-evidence claim of error is properly preserved through a motion for judgment of acquittal at trial, it is reviewed de novo." *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007). We will "affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).

To prove Espinoza-Diaz guilty of conspiring to transport illegal aliens, the Government had to establish beyond a reasonable doubt that there was an agreement between Espinoza-Diaz and at least one other person to violate the law by transporting illegal aliens within the United States and that Espinoza-Diaz had knowledge of the agreement and voluntarily joined in it. *See United States v. Avila-Dominguez*, 610 F.2d 1266, 1271 (5th Cir. 1980); *see also United States v. Pascacio-Rodriguez*, 749 F.3d 353, 363-64 (5th Cir. 2014) (noting that § 1324 does not require an overt act). Viewed in the light most favorable to the verdict, the evidence amply demonstrated that Espinoza-Diaz knowingly entered into an agreement with at least one other person to transport illegal aliens and that he had actively participated in this endeavor. As for Espinoza-Diaz's assertion that the evidence was insufficient to establish the illegal alienage of the individuals he transported, the Government was not required to prove the alienage element of the underlying substantive offense given that he was charged only with conspiracy to commit the illegal act. *See United States v. Cuesta*, 597 F.2d 903, 917 (5th Cir. 1979); *United States v. Lopez*, 392 F. App'x 245, 253 (5th Cir. 2010). In any event, this evidence was sufficient to establish the illegal alienage of the persons transported. Espinoza-Diaz's attack on the sufficiency of the evidence is without merit.

No. 14-50081

Next, Espinoza-Diaz contends that his sentence is procedurally and substantively unreasonable. Generally, an appellate court reviews a district court's sentencing decision for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 751-53 (5th Cir. 2009). When, however, as in the instant case, a defendant raises an issue on appeal that he did not raise in the district court, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* at 135. If he makes such a showing, this court may exercise its discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* Espinoza-Diaz's contention that no objection to the substantive reasonableness of the sentence was required is foreclosed by *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Espinoza-Diaz asserts that his sentence is procedurally unreasonable because the district court failed to adequately explain the imposed sentence and that his sentence is substantively unreasonable because the district court did not give significant weight to his mitigating factors: the likely harsh immigration consequences of his conviction and his limited intellectual capacity. Espinoza-Diaz has not shown that his sentence is procedurally unreasonable given that the sentencing court explicitly stated that it had considered the advisory Guidelines, the policy statements of the Guidelines, the sentencing factors of 18 U.S.C. § 3553(a), the allocution of the defendant, and the factual information contained in the presentence report. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Nor has he rebutted the presumption of reasonableness that attaches to the within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Ruiz*, 621

No. 14-50081

F.3d 390, 398 (5th Cir. 2010). Accordingly, the judgment of the district court is AFFIRMED.