# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40645
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH C.M. KRIST,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-101-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joseph C.M. Krist was convicted following a jury trial of bank robbery in violation of 18 U.S.C. § 2113(a) and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). He maintains that the evidence was insufficient to support his convictions because the Government did not prove that he was the person who committed the offenses. Krist argues that the evidence presented was circumstantial only, and, without fingerprint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence establishing his involvement in the crimes, a reasonable juror could not have convicted him.  Because he preserved his challenge to the sufficiency of the evidence, our review is de novo.  *See United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007).

When the evidence, and all reasonable inferences therefrom, are viewed in the light most favorable to the prosecution, a rational jury could have found that there was ample evidence to support that Krist was the culprit and, thus, to sustain the verdict.  *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014); *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).  Krist admitted to law enforcement agents on two separate instances that he committed the offenses and, in his statements, provided details that supported that he committed the crimes.  While he argues that his admissions were false, he testified at trial that his confessions should be disregarded on this basis, and the jury, whose credibility determinations we accept, was entitled to reject his recantation and to believe his prior admissions that he committed the offenses.  *See United States v. Montes*, 602 F.3d 381, 388 (5th Cir. 2010); *Lopez*, 74 F.3d at 577.

Further, the Government produced independent evidence that tended to establish the trustworthiness of the confessions and which corroborated that Krist committed the offenses.  *See United States v. Deville*, 278 F.3d 500, 506 (5th Cir. 2002); *United States v. Garth*, 773 F.2d 1469, 1479 (5th Cir. 1985). The content of Krist's confessions was supported by images from surveillance cameras positioned near and within the bank on the day of the robbery and by eyewitness accounts provided by employees of the bank.  Moreover, when Krist was arrested, he was found with indicia of the robbery that matched the images from the surveillance cameras and the accounts of the employees and which verified the details of his confession; the agents found, inter alia, large amounts

of cash, a handgun that was similar to the firearm used in the robbery, clothing items that were identical to those worn by the robber, and a vehicle that was similar to a car seen near the bank on the day of the robbery.

While Krist suggests that this circumstantial evidence equally supported that he was innocent and, therefore, his convictions should not be affirmed, his assertion is without merit. He seemingly relies upon a standard, the "equipoise rule," that this court has abandoned in evaluating sufficiency-of-the-evidence claims. *See Vargas-Ocampo*, 747 F.3d at 301-02. Moreover, his contention that he could not be convicted without fingerprint evidence is unavailing because, contrary to his misconception that identity must be proved by direct evidence, we have held that identity may be proved through inference and circumstantial evidence. *United States v. Guerrero*, 169 F.3d 933, 941 (5th Cir. 1991). As detailed, the circumstantial evidence in this case was sufficient to prove that Krist was the culprit.

Accordingly, the judgment of the district court is AFFIRMED.